IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:18CR110 |
| vs. | ORDER |
| JORDAN DEROCKBRAINE, | |
| Defendant. | |

This matter is before the Court on the Motion To Transfer Trial Setting to North Platte (Filing No. 27) filed by Defendant, Jordan Derockbraine. Defendant requests the Court change the place of trial from Omaha, Nebraska, to North Platte, Nebraska. Defendant filed a brief in support of his motion (Filing No. 30), and the government filed a response objecting to the request for transfer (Filing No. 32). The matter is now fully submitted to the Court and is ripe for decision. For the reasons explained below, Defendant's motion will be denied.

Under Rule 18 of the Federal Rules of Criminal Procedure, "[t]he court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18. Although the court "retains considerable discretion in determining the place of trial, that discretion is contingent upon the court's consideration of the factors provided in Rule 18 when ruling on a proper motion for change of venue." *United States v. Worthey*, 716 F.3d 1107, 1112 (8th Cir. 2013)(quoting *United States v. Stanko*, 528 F.3d 581, 586 (8th Cir. 2008)).

Defendant submitted an affidavit in support of his motion. (Filing No. 29). Defendant asserts that he is one of the Defendants in this case, he resides in Dawson County, and many of the alleged transactions purportedly occurred in Dawson County. Defendant further submits "[that] the court in North Platte is far more convenient location to my proposed defense witnesses and their residences and principal places of business." Finally, Defendant requests trial in North Platte because his defense counsel is located there.

The government objects to changing the place of trial to North Platte due to the increased costs and financial burden to United States taxpayers and the necessity of travel for court personnel and other required staff from various agencies. In addition, the government asserts

that Defendant's counsel accepted a court appointment under the Criminal Justice Act ("CJA") and counsel for the co-defendant in this case is opposed to a transfer.

It appears the factors weigh in favor of maintaining the trial in Omaha. See Fed. R. Crim. P. 18 ("The court must set the place convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice."). North Platte is in Lincoln County, and although perhaps closer to Dawson County than Dawson County is to Omaha, travel will be required for Defendant, his counsel, and some witnesses regardless. Both the government and the co-defendant object to a transfer and the resulting inconvenience. Upon balancing the factors to be considered, for the convenience of each of the defendants and witnesses, the prompt administration of justice, and in accordance with Rule 18 of the Federal Rules of Criminal Procedure, the undersigned magistrate judge finds that this case should remain on the Omaha trial docket. Accordingly,

**IT IS ORDERED:** Defendant's Motion To Transfer Trial Setting to North Platte (Filing No. 27) is denied.

Dated this 1st day of June, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

**ADMONITION**

Pursuant to NECrimR 59.2, any party may object to a magistrate judge's order by filing a "Statement of Objections to Magistrate Judge's Order" within fourteen (14) days after being served with the order. The party must specify the parts of the order to which the party objects and the legal basis of the objections. Failure to timely object may constitute a waiver of any objection.