IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiffs, | 8:18CR110 |
| vs. | ORDER |
| JORDAN DEROCKBRAINE, | |
| Defendant. | |

This matter comes before the Court on Defendant Jordan Derockbraine's Motion to Sever (Filing No. 57) and Motion for Reconsideration (Filing No. 59). The government did not file any brief in response to the motions by the deadline of January 22, 2019, and therefore the motions are now fully submitted. For the following reasons, Defendant's motions will be denied.

## DISCUSSION

### I. Motion to Sever

Defendant and his co-defendant, Jesus Pinela-Castillo, are charged in the Indictment with one count of conspiracy to distribute and possess with intent to distribute a mixture or substance containing methamphetamine. (Filing No. 1). Defendant argues that his trial should be severed from that of Pinela-Catillo's trial to avoid prejudice. (Filing No. 58).

Rule 8(a) of the Federal Rules of Criminal Procedure permits the government to charge multiple counts in a single indictment if "the offenses are of the same or similar character, based on the same act or transaction, or are parts of a common scheme or plan." *United States v. Steele*, 550 F.3d 693, 702 (8th Cir. 2008). Rule 8(b) allows the government to charge two or more defendants in an indictment if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Rule 8 "is broadly construed in favor of joinder to promote the efficient administration of justice." *United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008). "Rarely, if ever, will it be improper for co-conspirators to be tried together." *United States v. Drew*, 894 F.2d 965, 968 (8th Cir. 1990).

Once it is determined that joinder is appropriate under Rule 8, Rule 14 of the Federal Rules of Criminal Procedure specifies that the district court may nevertheless order separate trials if a joint trial would "prejudice a defendant or the government." Fed. R. Crim. P. 14. However, severance is only required when the prejudice caused by a joint trial is "severe or compelling." *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005). A defendant seeking severance must show that "real prejudice" would result from a joint trial. *United States v. Davis*, 534 F.3d 903, 916 (8th Cir. 2008). To make this showing, the defendant must establish that "(a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." *Id.* at 916-17 (quotation omitted).

Defendant does not argue that joinder of both defendants in the single indictment is improper under Rule 8(b), as they are charged as co-conspirators and the offenses are based on the same series of acts or transactions constituting an offense. Instead, Defendant argues that he would be prejudiced by a joint trial due to the "overwhelming difference in the evidence against the two defendants." (Filing No. 58 at page 2). The Eighth Circuit has found that a properly joined co-defendant was "not entitled to severance simply because the evidence against him was less damaging than was the evidence against [his co-defendant]." *United States v. Lewis*, 557 F.3d 601, 610-11 (8th Cir. 2009). In doing so, the Eighth Circuit rejected the defendant's argument that the jury was unable to compartmentalize the evidence because there was more evidence of one defendant's guilt when compared to the co-defendant. See *id.*; see also *United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006)("Severance is never warranted simply because the evidence against one defendant is more damaging than that against another, even if the likelihood of the latter's acquittal is thereby decreased."). When assessing the jury's ability to compartmentalize the evidence against joint defendants, the court should take into consideration the complexity of the case and whether adequate jury instructions and admonitions can cure any potential prejudice. See *Lewis*, 557 F.3d at 610.

In this case, Defendant has failed to meet his burden to show a joint trial would be prejudicial. Defendant merely states, without support, that the jury will be unable to compartmentalize the evidence. Even assuming there is more evidence against his co-defendant

than against Defendant, "Disparity in the weight of the evidence as between . . . parties does not entitle one to severance." *United States v. Pecina*, 956 F.2d 186, 188 (8th Cir. 1992). Moreover, this is not a particularly complex case. This is a single count Indictment for conspiracy to distribute a controlled substance, and Defendant offers no evidence that any potential prejudice resulting from a joint trial could not be cured by proper limiting instructions. See *United States v. Faul*, 748 F.2d 1204, 1217 (8th Cir. 1984)(concluding severance is only necessary "where the proof is such that a jury could not be expected to compartmentalize the evidence as it relates to separate defendants."). Under the circumstances, Defendant's motion to sever is denied.

## II. Motion to Reconsider

The undersigned magistrate judge previously denied Defendant's motion to change venue from Omaha to North Platte in an order dated June 1, 2018. (Filing No. 33). Defendant did not object to that order. Defendant has now filed the instant motion to reconsider raising the same arguments regarding inconvenience to himself, counsel, and witnesses. (Filing No. 28; Filing No. 29; Filing No. 60). Defendant now adds an additional argument that he will be deprived of his right to a jury of his peers if the trial is not transferred to North Platte. Defendant argues that, as half Lakota Sioux, a jury pool in western Nebraska will likely contain more of his peers than those drawn in Omaha. (Filing No. 60).

The Eighth Circuit has not set forth the appropriate standard for "motions for reconsideration raised in criminal cases outside of the suppression context," but recognizes that other Circuits use the civil standard. *United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016)(citations omitted). Generally, a civil motion to reconsider is used to "'correct[] manifest errors of law or fact or . . . present newly discovered evidence.'" *Id.* (quoting *Bradley Timberland Res. v. Bradley Lumber Co.,* 712 F.3d 401, 407 (8th Cir. 2013).

Here, Defendant has presented no new evidence or demonstrated any manifest error requiring the court to reconsider its denial of Defendant's motion to change venue. Defendant's argument regarding the jury pool could have been raised in his initial motion. However, even assuming Defendant had raised his argument in his initial motion, the factors set forth in Fed. R. Crim. P. 18 still weigh in favor of keeping trial in Omaha rather than North Platte, for the reasons stated in the Court's previous order. See Filing No. 33. Accordingly,

3

**IT IS ORDERED** that Defendant Jordan Derockbraine's Motion to Sever ([Filing No. 57](#)), and Motion for Reconsideration ([Filing No. 59](#)) are denied.

Dated this 23rd day of January, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge